**UNITED STATES DISTRICT COURT**                                          **JS-6**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 21-6764-JFW(JEMx)**                      Date:  October 14, 2021

Title:       Veronica R. Gonzalez *-v-* Ford Motor Company, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

 **Shannon Reilly**                                 **None Present**
 **Courtroom Deputy**                            **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
   None                                          None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PLAINTIFF'S MOTION TO**
           **REMAND TO LOS ANGELES COUNTY SUPERIOR**
           **COURT [filed 9/20/2021; Docket No. 34]**

  On September 20, 2021, Plaintiff Veronica R. Gonzalez ("Plaintiff") filed a Motion to Remand to Los Angeles County Superior Court.  On September 27, 2021, Defendant Ford Motor Company ("Ford") filed its Opposition.  On October 4, 2021, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 18, 2021 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.**  **FACTUAL AND PROCEDURAL BACKGROUND**

  On July 19, 2021, Plaintiff filed a Complaint against Ford in Los Angeles County Superior Court, alleging violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. Specifically, Plaintiff alleges that she purchased a 2016 Ford F150 (the "Vehicle") on April 11, 2016, and that the Vehicle contained or developed defects, including a defective connectivity system, a defective body system, a defective steering system, a defective ignition, a defective lighting/electrical system, a defective display system, a defective audio system, and a defective suspension system.  Plaintiff claims that Ford, the manufacturer of the Vehicle, and its representatives failed to repair the Vehicle within a reasonable number of attempts.

  On August 20, 2021, Ford filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  After Ford filed its Notice of Removal, on August 30, 2021, Plaintiff filed a First Amended Complaint, adding a non-diverse defendant, Long Beach Lincoln Mercury, Inc. dba Caruso Ford ("Caruso Ford").  In her First Amended Complaint, Plaintiff

Initials of Deputy Clerk  sr

alleges that she delivered the Vehicle to Caruso Ford for repair on "numerous occasions," *see* First Amended Complaint ¶ 44, and alleges a claim for negligent repair against Caruso Ford

On September 20, 2021, Plaintiff filed this Motion to Remand, arguing in relevant part that the Court should permit joinder of Caruso Ford pursuant to 28 U.S.C. § 1447(e) and remand to Los Angeles County Superior Court for lack of subject matter jurisdiction.  Ford argues that Caruso Ford was fraudulently joined, and that Ford properly removed this action on the basis of diversity jurisdiction.

## II.    LEGAL STANDARD

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court's decision to deny or permit joinder is discretionary. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998).

In considering whether to permit joinder, the Court considers the following factors: (1) whether the party sought to be joined is needed for adjudication and could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denies joinder; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; (5) whether the claim against the new party appears valid; and (6) whether denying joinder will prejudice the plaintiff.  *Forward-Rossi v. Jaguar Land Rover N.A., LLC*, 2016 WL 3396925, at *3 (C.D. June 13, 2016); *Sandhu v. Volvo Cars of N. America, LLC*, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Negrete v. Meadowbrook Meat Co.*, 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012).

Ford bases its opposition on the doctrine of "fraudulent joinder." "Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is *any possibility* that a plaintiff may prevail on the cause of action against an in-state defendant.  *See id.* at 1008, 1012.  "The standard is not whether [a] plaintiff will actually or even probably prevail on the merits, but whether there is a *possibility* that [she] may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all

disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*  "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies."  *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

Where the plaintiff seeks to join a non-diverse party after removal, as is the case here, the request to amend is governed by 28 U.S.C. § 1447(e), rather than the doctrine of fraudulent joinder. "That notwithstanding, the Court notes that the core inquiry in a fraudulent joinder analysis, i.e., whether there is any possibility of recovery against the non-diverse defendant, is subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined."  *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *2 n.1 (N.D. Cal. May 10, 2010).  Therefore, the Court considers Ford's fraudulent joinder arguments in the context of the analysis under 28 U.S.C. § 1447(e).

## III.    DISCUSSION

After balancing all of the relevant factors, the Court concludes that joinder should be permitted and that this action should be remanded to Los Angeles County Superior Court.

### 1.    Extent that Caruso Ford Is Needed for Just Adjudication of this Action

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations."  *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a).  Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), "amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19."  *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (internal citation, quotation marks, and alterations omitted).  "The standard is met when failure to join [a party] will lead to separate and redundant actions."  *Id.*  However, the standard is not satisfied when "defendants are only tangentially related to the cause of action or would not prevent complete relief."  *Id.*

Plaintiff's claims for relief against Ford and Caruso Ford arise out of the same vehicle and the same alleged defects in that vehicle, and resolution of Plaintiff's claim against Caruso Ford will require many of the same documents and witnesses and will implicate many of the same factual and legal issues.  Accordingly, the Court concludes that failure to join Caruso Ford would lead to separate and redundant actions, and that Caruso Ford is necessary for the efficient and just adjudication of this action.  Thus, this factor weighs in favor of permitting joinder.

### 2.      Timeliness

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion."  *Sandhu*, 2017 WL 403495, at *3 (citing *Clinco*, 41 F. Supp. 2d at 1083).  Plaintiff filed her First Amended Complaint only 42 days after she filed her initial Complaint and only 10 days after Ford filed its Notice of Removal.  Thus, the Court concludes that Plaintiff filed the First Amended Complaint in a timely fashion.  *See id.* (finding that the plaintiff acted in a timely fashion because he filed his first amended complaint within the time limits afforded by Rule 15 and before any dispositive motions were filed). Accordingly, this factor weighs in favor of permitting joinder.

### 3.      Motive Behind Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint."  *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir.1980). Therefore, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  *Id.*

The circumstances in this case suggest that Plaintiff's primary motivation in amending the Complaint was to defeat diversity jurisdiction.  However, "it is not readily apparent that it is the sole motivation, particularly because there is a seemingly valid claim" against Caruso Ford, as explained *infra*.  *Sandhu*, 2017 WL 403495, at *3.  Accordingly, this factor weighs minimally against permitting joinder.

### 4.      Apparent Validity of Plaintiff's Claim

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)."  *Forward-Rossi*, 2016 WL 3396925, at *4 (internal citation and quotation marks omitted).   "In considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment."  *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015)).  "Under the § 1447(e) analysis, courts consider whether the claims against the new party sought to be added seem meritorious, and so long as the claims are at least potentially valid, the factor weighs in favor of joinder." *Jackson v. Dollar Tree Distribution, Inc.*, 2018 WL 2355893, at *5 (C.D. Cal. May 23, 2018) (quotations and citations omitted).  *See also Kelly v. SMG Holdings, Inc.*, 2015 WL 13652713, at *4 (C.D. Cal. Mar. 9, 2015) (applying fraudulent joinder analysis in determining whether the claim against the new defendant appears valid).

In her First Amended Complaint, Plaintiff alleges that she "delivered the Vehicle to Defendant Dealership for repair on numerous occasions" and that "Defendant Dealership breached its duty to use ordinary care and skill in storage, preparation, diagnosis, and/or repair of the Vehicle with industry standards," and seeks to add a claim against Caruso Ford for negligent repair.  First Amended Complaint ¶¶ 43-48.  A claim against a dealership for negligent repair is a facially valid claim.  *See, e.g., Forward-Rossi v. Jaguar Land Rover N. Am., LLC,* 2016 WL 3396925, at *4 (C.D.

Cal. June 13, 2016) ("[I]n light of plaintiff's allegations that she returned the Vehicle to Penegon West's dealership on 'numerous occasions' and that Penegon West still failed to adequately repair the Vehicle, plaintiff appears to have, at a minimum, a facially legitimate claim for negligent repair."). Accordingly, because Plaintiff's claim appears to be valid, this factor weighs in favor of permitting joinder.

### 5.    Statute of Limitations

"If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action." *Sandhu*, 2017 WL 403495, at *3.  Plaintiff does not argue that her claim against Caruso Ford is time-barred.  Accordingly, Court concludes that this factor does not support joinder.

### 6.    Prejudice to Plaintiffs

Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once" and to force the plaintiffs to "proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Delafontaine*, 2016 WL 6581154, at *4 (internal citations and quotation marks omitted).

It appears that Plaintiff's claim against Ford and Caruso Ford arise out of the same factual circumstances, and Caruso Ford has already filed a "counterclaim" against Ford.  Moreover, if the Court were to deny Plaintiff's Motion for Remand, Plaintiff would have to proceed with separate litigation against Caruso Ford in state court.  Thus, Plaintiff would be forced to incur significant expenses associated with pursuing similar litigation in two separate forums thereby prejudicing Plaintiff.  Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

Based on the foregoing, the Court concludes that it is appropriate to exercise its discretion under Section 1447(e) to permit joinder of Caruso Ford as a defendant and remand this action to state court.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand to Los Angeles County Superior Court is **GRANTED.**  This action is hereby **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_